RECEIVED
IN ALEXANDRIA, LA
JUN 15 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FRANCIS MERLIN BOURGEOIS | CIVIL ACTION NO. 04-1051, SEC. "P" |
| VERSUS | JUDGE DRELL |
| RANDY MAXWELL, ET AL. | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (Doc. #22) filed by Defendants in the above captioned matter. The case was filed pursuant to 42 U.S.C. § 1983, and Plaintiff is proceeding pro se and *in forma pauperis*. The plaintiff, Francis Merlin Bourgeois ("Bourgeois") is currently incarcerated at the Rapides Parish Detention Center ("RPDC") in Alexandria, Louisiana. The defendants' motion for summary judgment was referred to the undersigned Magistrate Judge for Report and Recommendation pursuant to a standing order of this Court.

Plaintiff filed suit against Sheriff of Concordia Parish, Randy Maxwell, Warden of Concordia Parish Correctional Facility Russell Butler, Lieutenant Troy Kenney, John Cowen, Sgt. Bolen, Lieutenant George Byrnes, Jerry Barnes, Zane Emfinger, Douglas Parker, Patrick Cavin, Darrell Sloan, and Officer Shulte. Maxwell and Butler were dismissed from the lawsuit for the plaintiff's failure to state a claim against them for which relief could be granted. The remaining defendants filed the instant motion for

summary judgment.

## Factual Background and Nature of Claims

While the plaintiff is currently incarcerated at RPDC, the incidents complained of occurred in Concordia Parish at the Concordia Parish Correctional Facility ("CPCF"). Defendants claim that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. In his complaint, Bourgeois alleged that from November 2002 to December 2003, he was subjected to physical, emotional, and mental abuse by the defendants at the CPCF. Bourgeois describes the treatment as consensual "horseplay" in the beginning, but escalating to non-consensual physical and mental abuse.

Bourgeois, who was appointed as an inmate legal advisor in 2002, alleges that, in November 2002, Sgt. Cowen attempted to handcuff him within a one minute time frame, pursuant to a bet. (Doc. #, p.4; Doc. #5, p.2.) Bourgeois contends that the incident was witnessed by Officer Christopher Groh and inmate David Allen. (Doc. #5 p.2.) Subsequent attempts to handcuff Bourgeois were made, and it soon became a sport involving additional correctional officers. Bourgeois claims that he was often "double-teamed," "triple-teamed," or "quadruple teamed" by the officers. He was sometimes teamed up with inmate David Allen and made to wrestle Douglas Parker, Patrick Cavin, Darrell Sloan, and John Cowen.

Initially, Bourgeois was agreeable to this "horseplay," but as

2

it escalated, he was no longer a consensual participant. He felt compelled to go along with the games. (Doc. #5, p.4.) Bourgeois claims that over the next year he was physically abused by being hit with fists and objects such as chairs and books. Additionally, he claims that Sgt. Cowen applied a Taser to different parts of his body on various occasions. Bourgeois alleges that, one morning, he was awakened and brought to the booking office where Sgt. Cowen attached the prongs of a Taser through Bourgeois' shoelaces and then applied the maximum voltage. (Doc. #5, p.3.)

It is further alleged that: (1) Lt. Troy Kenney would place Bourgeois in a laundry buggy and spin it around in an attempt to make Bourgeois vomit; (2) Sgt. Cowen sprayed him in the face with Mace while sleeping; (3) he was given water to drink that was laced with vinegar; (4) he was called various derogatory names; (5) he was handcuffed to a bookshelf in the law library, stripped naked, and doused with a water cooler of ice while other inmates were encouraged to throw things like mop water at him.

Bourgeois alleges that on November 17, 2003, Lt. Troy Kenney, Officer Barnes, and another officer physically, verbally, and emotionally abused him over the course of an hour with verbal taunts, leather restraints, broom handles, fists, and various other objects. Bourgeois claims that George Byrnes and Christopher Groh were present for part or all of the altercation.

Finally, Bourgeois asserts that on December 2, 2003, Sheriff

3

Randy Maxwell escorted him from CPCF to the Sheriff's office and placed him in protective custody. Bourgeois was held in isolation until January 9, 2004, and he was not allowed to use the telephone during that time. Bourgeois was interviewed by an investigator with the Concordia Parish Sheriff's Office, Sherwin Collins, who informed Bourgeois that an internal investigation was being launched regarding the alleged abuse. (Doc. #5, p.4-5.)

Bourgeois claims that he filed grievances, third step Administrative Remedy Procedures ("ARPs") and sent letters to the Department of Corrections Office of Internal Affairs and a third step screening officer, but none of those grievances, ARPs, or letters were answered. On May 14, 2004, he filed the instant lawsuit.

## Summary Judgment Standard

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992), *cert.den.*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46.

4

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id. The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255; Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125,

1131 (5th Cir.), *cert. den.*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). The opposing party must set forth specific issues for trial. Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496 (5th Cir. 1999), *cert. den.*, 528 U.S. 1160, 120 S.Ct. 1171, 145 L.Ed.2d 1080 (2000).

## Analysis

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to Eighth Amendment scrutiny. See Helling v. McKinney, 509 U.S. 25 (1993). While Eighth Amendment jurisprudence is formed by the "evolving standards of decency that mark progress of a maturing society," Trop v. Dulles, 356 U.S. 86, 101 (1958), the focus of the Eighth Amendment remains its proscription of the "unnecessary and wanton infliction of pain" or any infliction of pain that cannot be justified by credible penological concern, Gregg v. Georgia, 428 U.S. 153, 173 (1976). The use of force by prison guards violates the Eighth Amendment when it is not applied in a "good faith effort to maintain or restore discipline," but is administered "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1 (1992), *citing* Whitley, 475 U.S. at 320-21.

Defendants in this case have filed a motion for summary judgment arguing that there are no genuine issues of material fact simply because they say there are none. Defendant John Cowen argues that there is no issue regarding whether he used a Taser on

6

Bourgeois or sprayed him with Mace. In support of that argument, Cowen simply submitted his own affidavit stating that he did not use a Taser on Bourgeois or spray him with Mace. Defendants Kenney, Byrnes, Barnes, Shulte and Emfinger likewise argue that they are entitled to judgment as a matter of law. They claim there are no material facts in dispute simply because they presented their own affidavits saying they did not do the acts alleged. If only it were that simple.

A motion for summary judgment should only be granted when there is no genuine issue as to any material fact. The non-moving party is to be given the benefit of the doubt in determining whether a genuine issue exists. <u>Aulds v. Foster, et al</u>, 484 F.2d 945 (5th Cir. 1973). "Although affidavits certainly are useful on a motion for summary judgment, the court may not resolve disputed fact issues by reference to the affidavits." <u>Id.</u> It is the party moving for summary judgment who bears the initial burden of informing the court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. <u>Topalian v. Ehrmann</u>, 954 F.2d 1125, 1132 (5th Cir. 1992), *cert.den.*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46. All these defendants have submitted and pointed to are their own self-serving statements that they did not perform the acts alleged. They offer no other evidence to rebut the facts alleged by Bourgeois.

Through their affidavits, the defendants have actually pointed out that there are multiple issues of material fact. Specifically, whether the defendants caused injury to Bourgeois; whether Cowen improperly used a Taser on Bourgeois; whether Cowen sprayed Bourgeois with Mace while he slept; whether certain defendants attacked Bourgeois with leather restraints, a broom handle, and whether they punched and kicked him; whether Kenney spun Bourgeois around in a laundry cart to make him ill; and, whether Schulte and Emfinger assisted Kenney in injuring Bourgeois. The plaintiff alleged that the defendants committed these acts. In response, the defendants submitted their own affidavits stating that they did not do the alleged acts. Thus, defendants have established genuine issues of material fact in dispute preventing the granting of summary judgment. The resolution of these facts and issues will determine the outcome of the case.

The undersigned notes that, surprisingly, no opposition to defendants' motion for summary judgment has been received by the court from Bourgeois.[1] Still, Defendants are not automatically

---

[1] The undersigned notes that the plaintiff was an inmate legal advisor. He regularly sent letters to the clerk of court requesting an update on the status of his case. (Letters received by clerk on July 13, 2004, February 11, 2005, August 23, 2005, and August 29, 2005.) The plaintiff readily complied with the court order to amend his complaint. Additionally, when a memorandum order was issued containing errors, the plaintiff conscientiously filed a motion for clarification with the Court.

entitled to summary judgment. Before the non-movant is required to come forward with specific facts showing a genuine issue of fact for trial, the moving party must first show "that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Here, the moving parties only came forward with specific denials, in affidavit form, of the allegations made by Bourgeois. The defendants did not meet their burden and, therefore, Bourgeois was not required to present specific facts showing a genuine issue of fact for trial.

For the forgoing reasons, there are genuine issues of material fact that preclude the granting of summary judgment.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the motion for summary judgment (Doc. #22) filed by the defendants be DENIED.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 15th day of June, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE